IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| RUSSEL TITUS, on behalf of himself and all other similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 09-00117-CV-W-DGK |
| v. | ) ) | |
| BURNS & MCDONNELL, INC. EMPLOYEE STOCK OWNERSHIP PLAN, et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is Plaintiff Russel Titus's Motion for a curative letter and Memorandum in Support. Docs. 57, 58. The Court has reviewed this Motion in conjunction with Defendants' Suggestions in Opposition. Doc. 63. Plaintiff waived his right to file a Reply. Doc. 68. For the reasons discussed herein, Plaintiff's Motion is DENIED.

## Background

Plaintiff filed this class action on February 11, 2009, alleging that Burns & McDonnell, his former employer, wrongfully changed the terms of its Employee Stock Ownership Plan ("ESOP"). First, Plaintiff claims that Defendants violated the ERISA "anti-cutback rule" by changing the way they valued his ESOP account, exposing it to market conditions. Second, Plaintiff claims that this was a breach of the terms of the ESOP, constituting breach of contract. Defendants moved for dismissal for failure to state a claim, which the Court denied. Doc. 25. Defendants then moved for the Court to certify its Order for interlocutory review, which the Court denied. Doc. 64.

On April 20, 2010, Plaintiff moved for an emergency protective order preventing Defendants from entering any further settlements with potential class members, requiring Defendants to "stop action" on any existing settlements, and requiring Greg Graves, an officer of Defendant Burns & McDonnell, to submit to a deposition within seven days dealing with this issue. Doc. 47. The thrust of this Motion was that Defendants were entering into settlements with potential class members under terms Plaintiff claimed were misleading and coercive. Though the Court granted Plaintiff's requests for expedited briefing and depositions, it denied his request unwind or stop action on the settlements. Doc. 54. The pending Motion followed. Plaintiff now asks the Court to order a curative letter informing class members of their potential rights under this lawsuit and giving them the option of revoking their settlements.

**Standard**

Rule 23 gives the Court the power to enter orders dealing with a broad range of issues in a class action. Fed. R. Civ. P. 23(d). Specifically, Rule 23 allows the Court to "require – to protect class members and fairly conduct the action – giving appropriate notice to some or all class members of: (i) any step in the action…or…(iii) the members' opportunity to…come into the action" and to "impos[e] conditions on the representative parties or intervenors." *Id*. An order limiting communication with potential class members must be based on a "clear record and specific findings." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 101 (1981). *See also Great Rivers Co-op. of Se. Iowa v. Farmland Indus.,* 59 F.3d 764, 766 (8th Cir. 1995) (finding that the district court did not provide an adequate foundation for an order enjoining further communication and requiring class defendant to print a rebuttal to a previous notice which had tended to counsel potential class members to opt out).

2

Contrary to approving a class settlement, "judicial examination of the offer to settle individual claims largely entails only consideration of the accuracy and completeness of the disclosure." *In re General Motors Corp. Engine Interchange Litig.,* 594 F.2d 1106, 1140 (7th Cir. 1979).[1] Rule 23(e) requires court approval before a class action can be settled or voluntarily dismissed, as this may affect the rights of unnamed plaintiffs. However, it is well-established that this rule does not apply to the settlement of individual claims with class members other than the class representative. *See, e.g., Weight Watchers of Philadelphia, Inc. v. Weight Watchers Intern., Inc.,* 455 F.2d 770, 773 (2d Cir. 1972) ("Indeed, we are unable to perceive any legal theory that would endow a plaintiff…a right to prevent negotiation of settlements between the defendant and other potential members of the class who are of a mind to do this; it is only the settlement of the class action itself without court approval that [Rule] 23(e) prohibits."). The view of the *Weight Watchers* court was "reenforced by the 2003 amendments [to Rule 23(e)]." Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1797. While Court approval is required before a class representative can settle even his or her individual claims, the Court is unaware of any authority requiring approval of unnamed potential class members' individual

---

[1] Defendants are mistaken in their assertion that *In re General Motors* "did not even involve individual settlement agreements," though the fact that it did is actually helpful to Defendants' case.

> "In response to a question from the bench at oral argument, GM represented to the court that even if the Settlement of the federal class action is not effectuated, GM may still seek to extend its Offer to *individual members of the class.* Local Rule 22 appears to require the trial court's approval of any such communication. The question thus presented is whether the trial court can approve the communication of the offer, despite our reversal of the court's order approving the settlement. We think that the trial court can. GM's offer to settle, if accepted by *individual class members,* would not amount to a settlement of the class action itself. *Individual class members would be free to reject it* and continue to have their interests represented in the federal class action."

*Id.* at 1137-38 (emphasis added). While the discussion of individual settlement offers is only dicta from another Circuit, this is still relevant authority for the Court to consider.

claims at any point.[2]  *Blanchard v. Edgemark Fin. Corp.,* 175 F.R.D. 293, 299-300 (N.D. Ill. 1997).  The Court is further unaware of any authority suggesting that it has the power to grant potential class members a unilateral right to void their settlements.  A case cited by Plaintiff even questions whether the Court has this power.  *Ralph Oldsmobile, Inc. v. General Motors Corp.,* No. 99 Civ. 4567(AGS), 2001 WL 1035132, at *7 (S.D.N.Y. Sept. 7, 2001) ("[E]ven if the Court has the authority to void the releases, no dealer that has signed a release has asked the Court to void its release.").

## Discussion

Plaintiff closes his brief on this Motion with a question—"[W]hat is the harm in sending a curative notice?"  Doc. 58 at 9.  While this is not the usual calculus in which courts engage when ruling on a motion, a few problems are obvious.  First, the curative notice Plaintiff requests grants potential class members the right to revoke their settlements.  The law favors settlements and private contractual rights—policies which would both be harmed by such an order.  Plaintiff argues that the curative notice will serve as "a test of sorts, to prove or disprove that class members were misled."  *Id.* at 1.  Plaintiff has it backwards.  Parties provide courts with a legal and factual basis to rule in their favor.  Courts do not provide orders as an experiment to determine if there is such a legal and factual basis.  Plaintiff, as the moving party, should bear the burden of showing that the Court has the authority to order this relief and that it is necessary in this situation.  He has done neither.  As to the necessity of a curative notice, Plaintiff argues that the phrase "100% of your investment losses" is misleading because it ignores potential interest.  This is a reasonable point, but it is just as reasonable to say that a natural reading of "investment losses" could exclude interest.  In other words, Plaintiff's Motion relies entirely on his

---

[2] After certification, ethical rules prevent direct contact with class members, as they are constructively represented by class counsel.  *Blanchard,* 175 F.R.D. at 301.  While this does not bar settlements, it necessarily means that class counsel will be aware of any offer.

4

interpretation of a phrase which is open to multiple reasonable interpretations. The settlements make clear that potential class members are giving up their rights to participate in this lawsuit and to assert future claims. So while the Court understands that "100% of your investment losses" might be misleading in certain contexts, when viewed in the light of an agreement that is plainly a waiver of rights, the obvious conclusion is that potential class members chose to take a deal rather than participate in this case. Defendants' letter tells potential class members of the existence of a lawsuit against them, which inherently suggests that they are an interested party and that this is not a benevolent offer. The Court understands that Plaintiff would have preferred that the letters include his attorneys' phone number and suggested that potential class members contact them to get a second opinion on whether to sign. But there is simply no authority for the notion that failure to do so is a ground to invalidate otherwise valid settlements.

Furthermore, the Court is very concerned the relief Plaintiff requests could have tangible negative consequences by creating a lost generation of potential class members. While the Court expresses no view on the fully-briefed class certification motion at this time, it is at least abstractly possible that certification will be denied. Plaintiff offers no explanation of what would happen to class members who revoke their settlement and return the money only to find that they are not actually a member of any class. The deadline to join additional parties was August 14, 2009, so they cannot join this suit. Doc. 21 at ¶ 2. It seems that these potential class members would be left the option of—with very little bargaining power—asking Defendants to return their settlement checks or filing their own lawsuit and gaining all the attendant headaches.

## Conclusion

Even considering the Court's broad power under Rule 23 to manage a class action, Plaintiff requests the extraordinary relief of interfering in the private contracts of parties not

5

before the Court. Plaintiff requests this relief based on a sparse record and dubious legal grounds. Accordingly, Plaintiff's Motion is DENIED.

**IT IS SO ORDERED**

Dated: August 10, 2010                            /s/ Greg Kays
                                                               GREG KAYS
                                                               UNITED STATES DISTRICT JUDGE