IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RUSSEL TITUS, on behalf of himself and all other similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 09-00117-CV-W-DGK |
| v. ) ) | |
| BURNS & MCDONNELL, INC. EMPLOYEE STOCK OWNERSHIP PLAN, et al., ) ) ) ) | |
| Defendants. ) | |

**ORDER**

Pending before the Court is Plaintiff Russel Titus's Motion for class certification and Suggestions in Support. Docs. 43-44. The Court has reviewed this Motion in conjunction with Defendants' Suggestions in Opposition, Plaintiff's Reply and all attached exhibits. Docs. 55, 62. For the reasons discussed below, Plaintiff's Motion is GRANTED.

**Background**

The facts and procedural history of the case are outlined in the Court's recent Order denying Plaintiff's Motion for a curative letter. Doc. 69. In short, Plaintiff claims that Defendants breached the terms of their Employee Stock Ownership Plan ("ESOP") and violated ERISA's "anti-cutback rule" when they changed the way his account was valued.

**Standard**

Under Federal Rule of Civil Procedure 23, the Court can certify a class of similarly situated individual potential plaintiffs. To qualify, the party seeking certification must show that the class satisfies all the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b). Rule 23(a) requires that "(1) the class is so numerous that joinder of all members is

impracticable…(2) there are questions of law or fact common to the class…(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). These requirements are easily described as numerosity,[1] commonality, typicality and adequacy. Additionally, Rule 23(b) requires a party seeking class certification to show that

> "(1) prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications *or* would substantially impair or impede their ability to protect their interests; (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

Fed. R. Civ. P. 23(b) (emphasis added). A finding under part (3) includes consideration of "pertinent factors" such as "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *Id.* Consideration of a Rule 23(a) and (b) factors necessarily touches on the merits of the case. *See Gen. Tel. Co. v. Falcon,* 457 U.S. 147, 161 (1982) (instructing district courts to engage in "rigorous analysis" to determine that the prerequisites have been satisfied). But a decision whether or not to certify a class should not reflect directly

---

[1] This is something of an oversimplification, because it is proper for courts to consider other issues related to the impracticability of joinder—including geography, size of potential claims and resources of the potential parties—when considering "numerosity." 1 Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 3:6 (4th ed. 2002).

2

on the merits. *Elizabeth M. v. Montenez,* 458 F.3d 779, 786 (8th Cir. 2006). Plaintiff requests the certification of the following class:

> All Burns & McDonald, Inc. employees who retired, died, retired on account of disability, resigned or were dismissed pursuant to the terms of the 2006 Restatement of the ESOP, without amendment, and received distribution of benefits in 2008 that were calculated under the 2006 Restatement, as amended on January 25, 2008.

## Discussion

### A. 23(a) Factors

#### a. Numerosity

Plaintiff asserts that this is a class of 100 potential members, based on Defendant's documents showing that 100 employees received distributions in 2008. Doc 45, Ex. 5. While there is technically no magic number threshold that a plaintiff must meet to satisfy this requirement, it is likely that certification is proper when there are at least 40 potential class members. 1 Conte & Newberg, § 3:5. The Court finds that this class satisfied Rule 23(a)(1)'s numerosity requirement. There was a sufficiently large number of potential class members, spread out over a relatively large geographical area, with distributions as low as $96.98.[2] Doc 45, Ex. 5 at 2. Defendants argue that the settlements with 91 of the potential class members have reduced the potential class members to only nine, thus defeating numerosity and preventing class certification. Defendants argue that "[t]he individuals who have settled their claims have no damages…" Doc. 55 at 10. Damages are inherently individualized and are "rarely a barrier to certification." *In re Workers' Compensation,* 130 F.R.D. 99, 110 (D. Minn. 1990). Release is an affirmative defense. Fed. R. Civ. P. 8(c). "If…evidence later shows that an affirmative defense is likely to bar claims against at least some class members, then a court…can place class

---

[2] This is relevant because it shows that there are a number of class members with potential damage amounts low enough that joinder would be impracticable.

members with potentially barred claims in a separate subclass or exclude them from the class altogether." *Smilow v. Sw. Bell Mobile Systems, Inc.,* 323 F.3d 32, 39-40 (1st Cir. 2003) (citations omitted). *See also* Fed. R. Civ. P. 23(c)(1)(C) (describing the Court's power to alter the class prior to final judgment). Finally, it seems that expressing a view on the validity of potential class members' settlements—which finding that these settlements preclude numerosity necessarily does—would constitute improper consideration of the merits during the class certification process. Accordingly, the Court finds that Plaintiff has satisfied the numerosity requirement of Rule 23(a)(1).

### b. Commonality and Typicality

Defendants argue that Plaintiff cannot show typicality because "[m]any participants do not share plaintiff's sense of entitlement…" and noting that some ESOP participants preferred the amendment at issue in this case. While perhaps no one would have filed this lawsuit if the all potential class members preferred the Amendment method, it goes without saying that this is not the dispositive question. The legal questions raised by Plaintiff, which are typical to all potential class members' claims, turn on whether or not Defendants' conduct violated ERISA and whether this conduct damaged the class. The releases signed by potential class members are not a bar to typicality because the relevant inquiry is into "the company's actions, not…particularized defenses it might have against certain class members." *Wagner v. NutraSweet Co.,* 95 F.3d 527, 534-35 (7th Cir. 1996) (dealing with releases). Plaintiff has shown that his claims are typical to the class and has therefore satisfied the typicality requirement of Rule 23(a)(3)

Defendants have not contested commonality. Plaintiff alleges that legal questions related to the legality of Defendant's actions under ERISA are common to the class and the Court finds that this is the case. All potential class members were ESOP participants whose ESOP accounts

4

were affected by the 2008 amendment. If Defendants are liable, the amount of damages will necessarily be based on the amount of money in an individual account, but the process for determining damages will be common to all members. The Court finds that Plaintiff has satisfied the commonality requirement of Rule 23(a)(2).

### c. Adequacy

Defendants have not contested Plaintiff's adequacy. The adequacy requirement is in place to assure that there are no conflicts of interest between the named plaintiff and the class, and to uncover when that is the case. *Amchem Prods., Inc. v. Windson,* 521 U.S. 591, 625 (1997). In order to satisfy adequacy, the named plaintiff must be "part of the class and possess the same interest and suffer the same injury as the class members." *Id.* at 625-26. Based on Defendant's own exhibits, Plaintiff is a member of the proposed class and the Court sees no reason why his interests would conflict with those of the class. Doc. 55, Ex. 1 at 2. Finally, in the absence of evidence, the Court will presume that class counsel is adequate. *Morgan v. United Parcel Svc. of Am., Inc.,* 169 F.R.D. 349, 357 (E.D. Mo. 1996). Based on this, the Court finds that Plaintiff is an adequate representative and has otherwise satisfied the requirements of Rule 23(a).

## B. 23(b)

Plaintiff moves to certify this class under Rule 23(b)(3). This is the most appropriate avenue of certification when the case seeks money damages. *See, e.g., Johnson v. Geico Cas. Co.,* 673 F. Supp. 2d 255, 270 (D. Del. 2009) ("Certification under Rule 23(b)(1)(A) is generally inappropriate where the primary relief sought is monetary damages…Similarly, certification under Rule 23(b)(2) is generally inappropriate where the primary relief sought is not injunctive or declaratory relief."). Certification under Rule 23(b)(3) requires the Court to find that common

5

questions of law or fact predominate over individual questions and that a class action would be the superior method of adjudicating this case. Fed. R. Civ. P. 23(b)(3). As all potential class members were ESOP participants, the legal question of whether or not Defendants' actions violated ERISA are common to the entire class. While Defendants may claim the defense of release against some class members, the common questions of law are sufficient in this case. Considering the factors laid out in Rule 23(b)(3)(A)-(D), the Court sees no reason why class members would have any increased need to control their own action, the Court is aware of no other litigation related to these claims, and this should not be an extraordinarily difficult class action to manage, with only 100 potential class members. Regarding the desirability of a particular forum under Rule 23(b)(3)(C), there are numerous courts around the country that would be able to handle this case. However, upon review of the list of potential class members, it appears that at least half of their last known addresses are in the Kansas City metropolitan area. Given this fact, and that Burns & McDonald is based in Kansas City, the Court finds it would be desirable for the litigation to be concentrated in this forum.

## Conclusion

Plaintiff has met his burden to show that certification is proper. He has satisfied the requirements of Rule 23(a) to show numerosity, commonality, typicality and adequacy. The Court presumes the adequacy of class counsel in the absence of evidence to the contrary. Finally, the Court finds that common questions of law predominate and that a class action would be the superior way of resolving this case. Accordingly, the following class is certified pursuant to Federal Rule of Civil Procedure 23(b)(3):

> All Burns & McDonald, Inc. employees who retired, died, retired on account of disability, resigned or were dismissed pursuant to the terms of the 2006 Restatement of the ESOP, without amendment, and received distribution of

      benefits in 2008 that were calculated under the 2006 Restatement, as amended on January 25, 2008.

Brett Burmeister and Steve Burmeister of Burmeister Gilmore LLP and Erich Veith, John E. Campbell and Ryan A. Keane of The Simon Law Firm, P.C. are appointed as class counsel pursuant to Rule 23(g).

**IT IS SO ORDERED**

Dated: September 13, 2010                                      /s/ Greg Kays
                                                                                          GREG KAYS
                                                                                          UNITED STATES DISTRICT JUDGE