UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DISTRICT

| | | |
|---|---|---|
| RUSSEL TITUS, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:09-CV-00117-DGK |
| BURNS & MCDONNELL INC., BURNS & MCDONNELL, INC. EMPLOYEE STOCK OWNERSHIP TRUST (2006 RESTATEMENT), and BURNS & MCDONNELL ESOP ADMINISTRATIVE COMMITTEE, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND HONORARIUM

Before this Court is the Parties' Joint Motion for Final Approval of Class Action Settlement and Award of Attorney's Fees and Honorarium (Doc. #101) (the "Joint Motion for Final Approval"). This litigation involved claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA") and for breach of contract, with respect to the Employee Stock Ownership Plan of Burns & McDonnell, Inc. (the "ESOP" or the "Plan"). The terms of the settlement are set out in the Parties' Class Action Settlement Agreement (the "Settlement Agreement"), which is attached as Exhibit 1 to the Parties' Suggestions in Support of their Joint Motion for Final Approval. On May 13, 2011, this Court entered an Order Preliminarily Approving the Class Action Settlement (Doc. #98) and approving the contents and distribution of the Class Notice.

1

A final hearing was held on September 22, 2011 (the "Fairness Hearing") to determine, among other things: i) whether the settlement should be approved as fair, reasonable, and adequate; ii) whether the litigation should be dismissed with prejudice as to the defendants pursuant to terms of the settlement; iii) whether the Class Notice and notice methodology implemented pursuant to the Settlement Agreement constituted notice that was reasonably calculated to apprise members of the Class of the pendency of the litigation, their right to opt-out of the Settlement or object to the Settlement and appear at the Fairness Hearing; iv) whether the attorney's fees requested by Class Counsel should be approved; and v) whether the honorarium for Class Representative Russel Titus should be approved.

Based upon the evidence presented in the Joint Motion for Final Approval, the Motion for Preliminary Approval, and at the Final Fairness Hearing, the Court finds as follows:

**1.** The Settlement is fair, reasonable, and adequate. The Settlement terms were reached after lengthy negotiation. Settlement occurred at an appropriate stage of litigation, reflected arms-length negotiation, and was effectuated by experienced counsel who sought the best interest of their respective clients. The Settlement provides substantial relief to the Class.

**2.** The Settlement class members receive the aggregate difference between the value of their ESOP account at the time of its distribution and the value of that account on January 1, 2008. As a result, the total value of the settlement is approximately $1,155,000.00, which includes the Settlement Proceeds previously disbursed and all sums to be disbursed to those class members who did not previously settle. The value of the Settlement is reasonable when considered in light of the merits of the case, the risks of litigation, and the certainty provided by a settlement.

**3.** The Class Notice and its distribution satisfied all due process requirements. The notice was mailed to the most recently available mailing address of each class member. The notice was reasonably calculated to apprise all class members of the pendency of the litigation, their right to opt-out of the Settlement or object and appear at the Fairness Hearing.

**4.** There is no opposition to this Settlement, no class members objected, and there were only two requests for exclusion.

**5.** The attorneys' fees requested by Class Counsel are reasonable and well within the range for a case of this type based upon Federal law. The attorneys' fees, although reasonably related to the common fund created, are being paid by Defendant B&M separate and apart from the recovery to the class, as provided for by statute. The fees represent only a portion of the total time spent on this case by Class Counsel and constitute less than 15% of the total value of the Settlement. Defendants do not object to the amount of the attorneys' fee requested by Class Counsel. Based on the considerable work required in this case, the substantial recovery for the Class, the complexity of this case, and its successful prosecution, the Court finds Class Counsel's request for $155,000.00 in attorneys' fees to be reasonable and fair.

**6.** The honorarium requested by the named Plaintiff and Class Representative Russel Titus is reasonable and fair. A Representative Plaintiff, in exchange for agreeing to take on the risks associated with litigation, the responsibilities, and the duty to represent the interests of class members, is routinely awarded an honorarium. In this case, the honorarium is reasonable in relation to the size of the Class, the relief obtained for the Class, and the duties accepted and carried out by Russel Titus. Mr. Titus spent two years fighting to obtain a settlement for his colleagues, rather than just for himself. Mr. Titus rejected individual offers to settle his claim in order to advance the cause of all class members. He is the individual who made this settlement

possible. He met and conferred with his attorneys on numerous occasions, provided documents and answers for initial disclosures, provided answers and documents in written discovery, had his deposition taken, reviewed deposition testimony of the Defendants, and advised on all matters. It is clear his participation is reasonably related to the resolution of all other claims of the class. For these reasons, the Court finds that it is fair and reasonable for Russel Titus to receive an honorarium in the amount of $31,762.21.

Based upon the findings above and the evidence before this Court, it is therefore ORDERED that:

A. The Parties' Joint Motion for Final Approval is hereby GRANTED.

B. The Settlement is fair, reasonable and adequate.

C. Defendants are to complete settlement payments to all settling class members within twenty-one (21) days, as provided for in the Settlement Agreement;

D. Class Counsel shall receive $155,000.00 in attorneys' fees to be paid by Defendants within twenty-one (21) days, as provided for in the Settlement Agreement;

E. Russel Titus shall receive an honorarium in the amount of $31,762.21, within twenty-one (21) days, as provided for in the Settlement Agreement.

F. Plaintiff's claims and those of all Class Members not seeking exclusion are dismissed with prejudice upon entry of this Order and Judgment;

G. Pursuant to the two requests for exclusion, attached as Exhibit 3 to the Parties' Suggestions in Support of their Joint Motion for Final Approval, class members Edgar Smith and Lloyd Buck are hereby excluded from this Settlement, their claims are dismissed without prejudice, and they are not bound by this Final Order and Judgment.

H. This Court retains jurisdiction for all purposes necessary to enforce this Final Order and Judgment or any other terms found in the Settlement Agreement;

I. All remaining duties in the Settlement Agreement to be performed by the Parties are ordered to occur in the time and manner set forth in the Settlement Agreement.

SO ORDERED:

Date: September 22, 2011  /s/ Greg Kays
GREG KAYS
UNITED STATES DISTRICT JUDGE